UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**CHRISTOPHER META,**
                **Plaintiff,**

v.                                  Case No. 15-mc-050

**TARGET CORPORATION and**
**NICE-PAK PRODUCTS, INC.,**
                **Defendants.**
_____

## DECISION AND ORDER

Rockline Industries Inc. has filed a motion to quash two subpoenas that were issued in connection with a putative class action suit currently being litigated in the Northern District of Ohio.[1] The plaintiff in that action, Christopher Meta, opposes the motion.

Target Corporation operates retail stores throughout the United States, and it sells Target-brand products alongside brand-name products in its stores. Target contracts with multiple manufacturers for its Target-brand products. Both Nice-Pak Products Inc. and Rockline Industries Inc. manufacture flushable wipes, and both companies' wipes have been sold under the Target brand. In 2014, Christopher Meta filed suit in the Northern District of Ohio against Target alleging that its Target-brand flushable wipes are not, in fact, flushable and that they damaged his plumbing and septic system. He later added Nice-Pak as a defendant in that suit, the manufacturer of the particular wipes plaintiff allegedly used. Rockline is not a party to the Ohio suit.

In March 2015, Meta served Rockline a subpoena that included 43 requests for

---

[1] Fed. R. Civ. P. 45(d)(3) authorizes "the court for the district where compliance is required" to quash or modify a subpoena. The Eastern District of Wisconsin is the proper venue because Rockline is located in Sheboygan, Wisconsin.

documents related to the design, manufacture, testing, labeling, packaging, marketing, distribution, sale, and pricing of their flushable wipes; studies, reports, analysis, or other documents related to the flushability of their wipes; all advertising and consumer research related to their flushable wipes; communications between Rockline and government entities, non-profits, or trade organizations related to their flushable wipes; and communications between Rockline and Target regarding flushable wipes. Naeger Aff. Ex. B (ECF No. 2-2). Since March, the parties have attempted to work together to narrow the scope of this subpoena but have been unable to fully resolve the issue. In September 2015, Meta served Rockline another subpoena, this time seeking a deposition of corporate representatives on 16 topics similar to those in the document subpoena and requesting a sample of each of its flushable wipes sold in Target stores since 2009. Again, the parties attempted to address Rockline's concerns but have been unsuccessful. Rockline now asks me to quash both the document and deposition subpoenas.

Generally, civil discovery is broad and liberal, and a party is permitted discovery regarding any "matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, I must quash or limit a discovery request if it subjects a party to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). In considering this, I apply a "relative hardship test," which weighs the burden of compliance with the benefit of production. *In re Subpoenas to Wis. Energy Corp.*, No. 10-mc-7, 2010 WL 715429, at *1 (E.D. Wis. Feb. 24, 2010) (citing *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927, 933 (7th Cir. 2004)); *see also* Fed. R. Civ. P. 26(b)(2) (permitting the court to limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit").

First, I consider the burden to Rockline in complying with the subpoena. As a non-

party to the Ohio litigation, Rockline is entitled to somewhat greater protection than a party to the action. *In re Subpoenas to Wis. Energy Corp.*, No. 10-mc-7, 2010 WL 715429, at *1 (E.D. Wis. Feb. 24, 2010); *Patterson v. Burge*, No. 03-C-4433, 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005); *see also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (noting that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs").

The topics of the document and deposition subpoena are broad. Meta seeks manufacturing and design information on all of Rockline's flushable wipes, not limited to Target-brand wipes, for an indeterminate period of time. Rockline contends that an initial search resulted in 68,890 documents that would need to be reviewed, which alone would cost over $150,000, and Meta does not contest this. Additionally, the only named defendant in the Ohio litigation is Nice-Pak, one of Rockline's main competitors, and some of the information requested is sensitive business information. *See* Fed. R. Civ. P. 45(d)(3)(B)(I) (allowing the court to consider whether compliance with the subpoena requires a party to disclose confidential research, development, or commercial information). Given Rockline's non-party status, the sweeping breadth of the subpoenaed information, and the sensitive nature of at least some of the subpoenaed information, I conclude that Rockline has shown that its burden in complying with the subpoena would be significant.

Next, I consider the benefit of production to Meta. Meta is entitled to discovery that is relevant to "any party's claim or defense" in the Ohio litigation. Fed. R. Civ. P. 26(b)(1). Meta argues that Rockline's wipes are relevant because other putative class members purchased Rockline's Target-brand wipes and because they expect the requested

3

information to show that Rockline's Target-brand wipes contained the same alleged misrepresentations as Nice-Pak's and that Rockline's wipes are defective in the same manner as Nice-Pak's. While this information would be highly relevant to claims against Rockline or claims about Rockline's Target-brand wipes, plaintiff has not pled such claims. The only defendants Meta named in his amended complaint are Nice-Pak and Target. He alleges only that Target-brand wipes manufactured by Nice-Pak were defective. *See* Naeger Aff. Ex. A at 6 (ECF No. 2-1) ("The [Target-brand] Flushable Wipes . . . are manufactured by Nice-Pak and supplied by Target."). His complaint does not allege that Rockline manufactured flushable wipes for Target, that plaintiff used Rockline's flushable wipes, that Rockline's wipes are not flushable, or that Rockline misrepresented the flushability of its wipes. Whether Rockline's Target-brand wipes are defective or contain the same misrepresentations as Nice-Pak's does not tend to prove or disprove whether Nice-Pak's Target-brand wipes are defective or whether Target and/or Nice-Pak misrepresented their flushability. Thus, Meta has failed to show how the requested information is relevant to his claims against Target and Nice-Pak. Rather, it appears that Meta's subpoenas are an attempt to gather information about Rockline's products to support potential future claims against Rockline. But Rule 26 does not entitle a party "to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes to 2000 Amendments.[2]

---

[2] Further, it is unclear whether Meta would even have standing to bring such claims against Rockline, even as a putative class representative, given the fact that it is undisputed that he never used wipes manufactured by Rockline. *See, e.g.*, *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 541 (S.D.N.Y. 2013) (recognizing a split on the issue of whether a plaintiff in a putative class action has standing to assert claims related to products they themselves did not purchase but which are similar and

4

Because Meta has failed to show how information about Rockline's flushable wipes is relevant to its claims against Target and Nice-Pak, it does not appear that production would benefit him. Weighing the burden that production would place on Rockline against the questionable relevance of the requested information to Meta's claims, the balance weighs in favor of Rockline, and I will grant its motion to quash.

Rockline also requests attorneys' fees associated with bringing this motion. Under Fed. R. Civ. P. 45(d)(1), I may award attorneys' fees where a party has not taken reasonable steps to avoid imposing undue burden or expense on a party subject to a discovery subpoena. The record indicates that Meta worked with Rockline to narrow the scope of the discovery requests in an effort to reduce the burden on Rockline. Therefore, I decline to award attorneys' fees.

**THEREFORE, IT IS ORDERED** that Rockline Industries Inc.'s motion to quash subpoena (ECF No. 1) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 24th day of November, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

manufactured by the same company). Meta's standing is even more questionable in a case like this one where the product Meta purchased, Nice-Pak's wipes, and Rockline's wipes were manufactured by different companies. *See Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 962–63 (N.D. Cal. 2015) (finding a plaintiff had no standing to sue the manufacturer of a product plaintiff had not purchased when the product he did purchase, although allegedly similar, was manufactured by a different company).